11/21/18 11:23AM

**Fill in this information to identify your case:**

| | | | |
|---|---|---|---|
| Debtor 1 | **Charlene** | | **Miller** |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the:   **NORTHERN DISTRICT OF ILLINOIS**

Case number:

(If known)

☐ Check if this is an amended plan, and list below the sections of the plan that have been changed.

## Official Form 113
## Chapter 13 Plan

12/17

### Part 1:  Notices

**To Debtor(s):** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district. Plans that do not comply with local rules and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies*

**To Creditors:** Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, you may need to file a timely proof of claim in order to be paid under any plan.

The following matters may be of particular importance. *Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.*

| | | | |
|---|---|---|---|
| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor | ☐ Included | ☑ Not Included |
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4. | ☐ Included | ☑ Not Included |
| 1.3 | Nonstandard provisions, set out in Part 8. | ☐ Included | ☑ Not Included |

### Part 2:  Plan Payments and Length of Plan

**2.1    Debtor(s) will make regular payments to the trustee as follows:**

**$100** per **Month** for **7** months
**$145** per **Month** for **47** months
**$695** per **Month** for **3** months

*Insert additional lines if needed.*

If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

**2.2    Regular payments to the trustee will be made from future income in the following manner.**

*Check all that apply:*

☐ Debtor(s) will make payments pursuant to a payroll deduction order.
☑ Debtor(s) will make payments directly to the trustee.
☐ Other (specify method of payment):

**2.3 Income tax refunds.**
    *Check one.*

Debtor **Charlene Miller** Case number

- ☑ Debtor(s) will retain any income tax refunds received during the plan term.
- ☐ Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee all income tax refunds received during the plan term.
- ☐ Debtor(s) will treat income refunds as follows:

**2.4 Additional payments.**
*Check one.*
- ☑ **None**. *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

**2.5** The total amount of estimated payments to the trustee provided for in §§ 2.1 and 2.4 is $**9,600.00**.

| Part 3: | **Treatment of Secured Claims** |

**3.1** **Maintenance of payments and cure of default, if any.**

*Check one.*
- ☑ **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

**3.2** **Request for valuation of security, payment of fully secured claims, and modification of undersecured claims.** *Check one.*

- ☑ **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

**3.3** **Secured claims excluded from 11 U.S.C. § 506.**

*Check one.*
- ☐ **None**. *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*
- ☑ The claims listed below were either:

  (1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or

  (2) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value.

  These claims will be paid in full under the plan with interest at the rate stated below. These payments will be disbursed either by the trustee or directly by the debtor(s), as specified below. Unless otherwise ordered by the court, the claim amount stated on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) controls over any contrary amount listed below. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling. The final column includes only payments disbursed by the trustee rather than by the debtor(s).

| **Name of Creditor** | **Collateral** | **Amount of claim** | **Interest rate** | **Monthly plan payment** | **Estimated total payments by trustee** |
|---|---|---|---|---|---|
| **Kia Motors Finance** | **2018 Kia Sportage** | **$30,230.00** | **6.00%** | **$550.00** <br> Disbursed by: <br> ☐ Trustee <br> ☑ Debtor(s) | **$0.00** |

*Insert additional claims as needed.*

**3.4** **Lien avoidance**.

*Check one.*
- ☑ **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

**3.5** **Surrender of collateral.**

*Check one.*
- ☑ **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

| Part 4: | **Treatment of Fees and Priority Claims** |

Official Form 113 **Chapter 13 Plan** Page 2

Debtor **Charlene Miller** Case number

**4.1 General**
Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

**4.2 Trustee's fees**
Trustee's fees are governed by statute and may change during the course of the case but are estimated to be **6.00**% of plan payments; and during the plan term, they are estimated to total $**576.00**.

**4.3 Attorney's fees.**

The balance of the fees owed to the attorney for the debtor(s) is estimated to be $**4,000.00**.

**4.4 Priority claims other than attorney's fees and those treated in § 4.5.**

*Check one.*
☐ **None**. *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*
☑ The debtor(s) estimate the total amount of other priority claims to be **$3,900.00**.

**4.5 Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.**

*Check one.*
☑ **None.** *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

## Part 5: Treatment of Nonpriority Unsecured Claims

**5.1 Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata. If more than one option is checked, the option providing the largest payment will be effective. *Check all that apply.*
☐ The sum of $ .
☑ **10.00** % of the total amount of these claims, an estimated payment of $ **703.10** .
☑ The funds remaining after disbursements have been made to all other creditors provided for in this plan.

If the estate of the debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately $**0.00**. Regardless of the options checked above, payments on allowed nonpriority unsecured claims will be made in at least this amount.

**5.2 Maintenance of payments and cure of any default on nonpriority unsecured claims.** *Check one.*

☐ **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*
☑ The debtor(s) will maintain the contractual installment payments and cure any default in payments on the unsecured claims listed below on which the last payment is due after the final plan payment. These payments will be disbursed either by the trustee or directly by the debtor(s), as specified below. The claim for the arrearage amount will be paid in full as specified below and disbursed by the trustee. The final column includes only payments disbursed by the trustee rather than by the debtor(s).

| Name of Creditor | Current installment payment | Amount of arrearage to be paid | Estimated total payments by trustee |
|---|---|---|---|
| **Fed Loan Serv** | $0.00 | $0.00 | $0.00 |
| | Disbursed by:<br>☐ Trustee<br>☑ Debtor(s) | | |
| **Fed Loan Servicing** | $0.00 | $0.00 | $0.00 |
| | Disbursed by:<br>☐ Trustee<br>☑ Debtor(s) | | |

*Insert additional claims as needed.*

**5.3 Other separately classified nonpriority unsecured claims.** *Check one*.

Debtor    **Charlene Miller**                                    Case number

☑    **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

| Part 6: | **Executory Contracts and Unexpired Leases** |

**6.1**    The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected. *Check one*.

☑    **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

| Part 7: | **Vesting of Property of the Estate** |

**7.1**    Property of the estate will vest in the debtor(s) upon
*Check the appliable box:*
☐    plan confirmation.
☑    entry of discharge.
☐    other: _____

| Part 8: | **Nonstandard Plan Provisions** |

**8.1**    **Check "None" or List Nonstandard Plan Provisions**
☑    **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

| Part 9: | **Signature(s):** |

**9.1**    **Signatures of Debtor(s) and Debtor(s)' Attorney**
*If the Debtor(s) do not have an attorney, the Debtor(s) must sign below, otherwise the Debtor(s) signatures are optional. The attorney for Debtor(s), if any, must sign below.*

X  **/s/ Charlene Miller**                              X  _____
   **Charlene Miller**                                      Signature of Debtor 2
   Signature of Debtor 1

   Executed on   **November 21, 2018**                    Executed on   _____

X  **/s/ David M. Siegel**                              Date   **November 21, 2018**
   **David M. Siegel**
   Signature of Attorney for Debtor(s)

**By filing this document, the Debtor(s), if not represented by an attorney, or the Attorney for Debtor(s) also certify(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in Official Form 113, other than any nonstandard provisions included in Part 8.**

Debtor **Charlene Miller** Case number

## Exhibit: Total Amount of Estimated Trustee Payments

The following are the estimated payments that the plan requires the trustee to disburse. If there is any difference between the amounts set out below and the actual plan terms, the plan terms control.

| | | |
|---|---|---:|
| a. | **Maintenance and cure payments on secured claims** *(Part 3, Section 3.1 total)* | $0.00 |
| b. | **Modified secured claims** *(Part 3, Section 3.2 total)* | $0.00 |
| c. | **Secured claims excluded from 11 U.S.C. § 506** *(Part 3, Section 3.3 total)* | $0.00 |
| d. | **Judicial liens or security interests partially avoided** *(Part 3, Section 3.4 total)* | $0.00 |
| e. | **Fees and priority claims** *(Part 4 total)* | $8,476.00 |
| f. | **Nonpriority unsecured claims** *(Part 5, Section 5.1, highest stated amount)* | $1,124.00 |
| g. | **Maintenance and cure payments on unsecured claims** *(Part 5, Section 5.2 total)* | $0.00 |
| h. | **Separately classified unsecured claims** *(Part 5, Section 5.3 total)* | $0.00 |
| i. | **Trustee payments on executory contracts and unexpired leases** *(Part 6, Section 6.1 total)* | $0.00 |
| j. | **Nonstandard payments** *(Part 8, total)*     + | $0.00 |
| | **Total of lines a through j** | $9,600.00 |

```
                         United States Bankruptcy Court
                         Northern District of Illinois

In re:                                                             Case No. 18-32644-ABG
Charlene Miller                                                    Chapter 13
        Debtor
                              CERTIFICATE OF NOTICE
District/off: 0752-1          User: kcollopyn            Page 1 of 2           Date Rcvd: Nov 26, 2018
                              Form ID: pdf001            Total Noticed: 34


Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Nov 28, 2018.
db             #+Charlene Miller,    1060 S. Wellington Rd.,    Waukegan, IL 60085-8650
27319920        Advocate Condell Medical Center,    PO Box 6572,    Carol Stream, IL 60197-6572
27319919        Advocate Condell Medical Center,    2701 High Point Drive, Ste. 124,    Lewisville, TX 75067
27319926       +Ces/dept Of Ed,    501 Bleecker St,    Utica, NY 13501-2401
27319928        Commonwealth Edison-Care Center,    Bankruptcy Department,    PO Box 6113,
                 Carol Stream, IL 60197-6113
27319931       +Fed Loan Serv,    Po Box 60610,    Harrisburg, PA 17106-0610
27319932        Fed Loan Servicing,    PO Box 60610,    Harrisburg, PA 17106-0610
27319933       +Glelsi/bkone Ed Fin Gr,    Po Box 7860,    Madison, WI 53707-7860
27319934      ++ILLINOIS DEPARTMENT OF REVENUE,    BANKRUPTCY DEPARTMENT,    P O BOX 64338,
                 CHICAGO IL 60664-0291
                (address filed with court: Illinois Dept. of Revenue,    Bankruptcy Unit,    P.O. Box 19035,
                 Springfield, IL 62794-9035)
27319936        Kia Motors Finance,    PO Box 20835,    Fountain Valley, CA 92728-0835
27319941       +North Shore Agency,    270 Spagnoli Rd., Ste. 110,    Melville, NY 11747-3515
27319942       +NorthShore University HealthSystem,    100 South Owasso Blvd W,    Saint Paul, MN 55117-1036
27319943        Northwestern Medicine,    28155 Network Place,    Chicago, IL 60673-1281
27319945       +State Collection Service,    PO Box 6250,    Madison, WI 53716-0250
27319946       +State Collection Service, Inc.,    2509 S. Stoughton Rd.,    Madison, WI 53716-3314
27319947        T Mobile Wireless,    Attn: Bankruptcy Dept.,    4515 N santa Fe Ave,
                 Oklahoma City, OK 73118-7901
27319948       +Torres Credit Services Inc.,    27 Fairview St.,    P.O. Box 189,    Carlisle, PA 17013-0189
27319950        Vista Medical Center East,    Correspondence:,    PO Box 504316,    Saint Louis, MO 63150-4316

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
27319921       +E-mail/Text: cashnotices@gmail.com Nov 27 2018 01:22:12      Americash Loans,
                 2400 East Devon Ave.,    Suite 300,    Des Plaines, IL 60018-4600
27319922        E-mail/PDF: AIS.cocard.ebn@americaninfosource.com Nov 27 2018 01:23:56      Cap One,
                 15000 Capital One Dr,    Richmond, VA 23238
27319925        E-mail/Text: BNC-ALLIANCE@QUANTUM3GROUP.COM Nov 27 2018 01:20:46      CB/Avenue,    PO Box 330066,
                 NorthGlenn, CO 80233-8066
27319923       +E-mail/PDF: AIS.cocard.ebn@americaninfosource.com Nov 27 2018 01:23:55      Cap One,
                 10700 Capital One Way,    Richmond, VA 23060-9243
27319924       +E-mail/PDF: AIS.cocard.ebn@americaninfosource.com Nov 27 2018 01:23:56
                 Capital One Bank USA NA,    10700 Capital One Way,    Richmond, VA 23060-9243
27319927        E-mail/Text: BNC-ALLIANCE@QUANTUM3GROUP.COM Nov 27 2018 01:20:46      Comenity Bank/Avenue,
                 PO Box 182789,    Columbus, OH 43218-2789
27319929       +E-mail/Text: bknotice@ercbpo.com Nov 27 2018 01:21:17      Enhanced Recovery Co L,
                 Po Box 57547,    Jacksonville, FL 32241-7547
27319930        E-mail/Text: bknotice@ercbpo.com Nov 27 2018 01:21:17      Enhanced Recovery Collection,
                 Bankruptcy Department,    8014 Bayberry Road,    Jacksonville, FL 32256-7412
27319935        E-mail/Text: cio.bncmail@irs.gov Nov 27 2018 01:20:31      IRS,    Internal Revenue Service,
                 P.O. Box 7346,    Philadelphia, PA 19101-7346
27319937       +E-mail/Text: bknotices@mbandw.com Nov 27 2018 01:21:45      McCarthy, Burgess & Wolff,
                 The MB&W Building,    26000 Cannon Road,    Cleveland, OH 44146-1807
27319938        E-mail/Text: mmrgbk@miramedrg.com Nov 27 2018 01:21:16      Miramed Revenue Group,    Dept. 77304,
                 PO Box 77000,    Detroit, MI 48277-0304
27319939       +E-mail/PDF: pa_dc_claims@navient.com Nov 27 2018 01:24:32      Navient Solutions Inc,
                 Po Box 9500,    Wilkes Barre, PA 18773-9500
27319940       +E-mail/Text: bnc@nordstrom.com Nov 27 2018 01:20:29      Nordstrom FSB,
                 Attention: Bankruptcy Department,    Po Box 6566,    Englewood, CO 80155-6566
27319944       +E-mail/Text: compliance@sentrycredit.com Nov 27 2018 01:22:39      Sentry Credit, Inc.,
                 2809 Grand Ave.,    Everett, WA 98201-3417
27319949       +E-mail/Text: wfmelectronicbankruptcynotifications@verizonwireless.com Nov 27 2018 01:20:14
                 Verizon Wireless,    PO Box 26055,    Minneapolis, MN 55426-0055
27319951       +E-mail/Text: BNC-ALLIANCE@QUANTUM3GROUP.COM Nov 27 2018 01:20:46      WFNNB/Avenue,
                 Bankruptcy Department,    PO Box 182789,    Columbus, OH 43218-2789
                                                                                              TOTAL: 16

             ***** BYPASSED RECIPIENTS *****
NONE.                                                                                         TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

Addresses marked '#' were identified by the USPS National Change of Address system as requiring an update.
While the notice was still deliverable, the notice recipient was advised to update its address with the court
immediately.
```

```
District/off: 0752-1          User: kcollopyn              Page 2 of 2                   Date Rcvd: Nov 26, 2018
                              Form ID: pdf001             Total Noticed: 34
```

***** BYPASSED RECIPIENTS (continued) *****

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Nov 28, 2018                                          Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on November 21, 2018 at the address(es) listed below:
              David M Siegel    on behalf of Debtor 1 Charlene  Miller davidsiegelbk@gmail.com,
               author@proofofpayments.com;R41057@notify.bestcase.com;johnellmannlaw@gmail.com
              Patrick S Layng    USTPRegion11.ES.ECF@usdoj.gov
                                                                                          TOTAL: 2
```